UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

============================================================

BEAR CREEK CRANBERRY CO., LLC,

                              Plaintiff,

                                                    **DECISION AND ORDER**
        v.                                          10-CV-770A

CLIFFSTAR CORPORATION,

                              Defendant.

============================================================

        This case was referred to Magistrate Judge Jeremiah J. McCarthy,

pursuant to 28 U.S.C. § 636(b)(1).  On January 24, 2011, plaintiff filed a motion

for partial summary judgment (Dkt. No. 35).  On February 24, 2011, defendant

filed a cross-motion for summary judgment (Dkt. No. 42).  On May 6, 2011,

Magistrate Judge McCarthy filed a Report and Recommendation (Dkt. No. 62),

recommending that plaintiff's motion be granted and that defendant's motion be

denied.

        Defendant filed objections to the Report and Recommendation on May 23,

2011.  Plaintiff filed a response to defendant's objections on June 10, 2011.

Defendant filed reply papers on June 17, 2011.  The Court held oral argument on

June 30, 2011.

        Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which

objections have been made.  Upon a *de novo* review of the Report and

Recommendation, and after reviewing the submissions from the parties, the Court adopts the proposed findings of the Report and Recommendation.  The Court notes particularly that the State of Wisconsin appears to lack any statutory authority to punish plaintiff or to impair its function in any way until the grace period described in Wis. Stat. § 183.09025(1) passes.  Since plaintiff filed the annual report in question within that grace period, the Court declines to impose an impairment through defendant's motion that would exceed what Wisconsin itself is empowered to do under its laws.  *See also* Wis. Stat. § 183.1302(1) ("It is the policy of this chapter to give maximum effect to the principle of freedom of contract and to the enforceability of operating agreements.").  The Court's conclusion is consistent with Wisconsin case law suggesting that the phrase "lack of good standing" implies some sort of loss or impairment of the ability to transact business.  *Cf. Huntoon v. Capozza*, 204 N.W.2d 649, 656 (Wis. 1973) (holding that a contract to purchase a restaurant was breached where the contract required the buyer to maintain the liquor license "in good standing," but the license was later revoked by the city Common Council).

Accordingly, for the reasons set forth above and in Magistrate Judge McCarthy's Report and Recommendation, the Court grants plaintiff's motion for partial summary judgment (Dkt. No. 35) and denies defendant's cross-motion for summary judgment (Dkt. No. 42).

This case is referred back to Magistrate Judge McCarthy for further

proceedings.

SO ORDERED.


_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 6, 2011